**In the Matter of Gerome C. and Dawn HAGEN, Debtors.**

**Gerome C. and Dawn HAGEN, Plaintiffs,**

v.

**AVANGEL COLLEGE, INC.; the Indiana National Bank, N.A.; and Indiana Secondary Market for Educational Loans, Inc., Defendants.**

Bankruptcy No. 83–348.
Adv. No. 83–466.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Nov. 28, 1983.

David P. Carter, Largo, Fla., for plaintiffs.

R. Lee Money, Deputy Atty. Gen., Indianapolis, Ind., for State of Ind., defendants.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a complaint which seeks a declaration of dischargeability of debts filed by Gerome C. Hagen also known as Jerry Hagen, and his wife, Dawn Hagen. The Debtors, who filed this Complaint, named as Defendants Avangel College, Inc., the Indiana National Bank, N.A. (Bank); and Indiana Secondary Market For Educational Loans, Inc. (Secondary Market). The Complaint consists of three counts. In Count I, the Debtors allege that in August of 1977, the Debtors obtained a student loan with Avangel College in the total amount of $5,100 for tuition and this loan was insured by the U.S. Government. It is the contention of the Debtors that this student loan should be declared to be dischargeable because it would impose an undue hardship on the Debtors and the Debtors' dependents to compel them to repay this obligation. In Count II, the Debtors contend that on January 28, 1981, they obtained a second student loan from the Bank in the amount of $10,-000. They contend in this Count again that it would place an undue hardship on the Debtors to except this obligation from the general bankruptcy discharge. In Count III, the Debtors contend that on January 20, 1981, they obtained their third student

loan from the Secondary Market in the amount of $4,500 and this is a loan also guaranteed by the U.S. Government. A declaration of non-dischargeability in this case would place an undue hardship on the Debtors and the Debtors' dependents.

In due course, the Complaint together with the Summons was served on the respective Defendants and the State of Indiana filed a notice of appearance on behalf of the Bank and the Secondary Market. Avangel College, Inc. failed to respond to the Complaint and, therefore, the Debtors filed a Motion for Default and ultimately obtained a Final Judgment for Default. This left for consideration the claim asserted by the Debtors against the Bank and the Secondary Market. Although the Bank and the Secondary Market initially coupled their answer to the complaint with a pleading entitled "Objection to Discharge" this was not really an objection to discharge, but an attempt to assert non-dischargeability of the debt owed by the Debtors to the two Defendants by virtue of § 523(a)(2)(A); that is, these monies were obtained by these Debtors by false pretenses.

This Court entered an order and struck the pleading entitled "Objection to Discharge" and granted leave to the State of Indiana to further plead in 30 days if so deemed to be advised. While the Bank and the Secondary Market did file an answer, they did not reinstate their claim for non-dischargeability based on § 523(a)(2)(A).

The record as established at the final evidentiary hearing revealed the following:

At the time pertinent to this transaction, the Debtors were citizens and residents of the State of Indiana. The Debtor, Jerry Hagen, was attending the Avangel College and ultimately obtained a degree in Bachelor of Arts. Upon graduation, he obtained a position with the State of Indiana in the Social Services program and was a disability examiner making approximately $13,000 a year. The Debtor's wife is a registered nurse who, at the time these loans were obtained, was a student nurse and still attending school. The Debtors have seven children ranging in age from fourteen months to fourteen years. The Debtor is still employed by the State of Indiana and presently attending law school in Indiana. The combined disposable income of both Debtors at this time is in excess of $36,500. According to the combined budget submitted by the Debtors, their monthly expenses amount to $2,257 which, after considering their total combined disposable income, would theoretically give them only a $90 cushion without taking into account any incidental and not routinely reoccurring expenses. The expenses on the budget submitted by the Debtors indicate they are currently paying $1,000 on a land contract involving the home where they live which land contract will be paid off completely in seven and a half years. The Debtor has a steady job and it is not unreasonable to expect that he will from time to time receive an increase in compensation. His wife is also not unlikely that she will receive from time to time an increase in her compensation. While it is true that these Debtors have seven children and at this time it would be difficult, if not impossible, for them to respond and make payments on these loans this Court is equally satisfied, however, that as soon as the land contract is finished and terminated, they will have sufficient funds to repay at least the loan of $4,500 and some part or portion of the other loan in the amount of $10,000.

Based on the foregoing, this Court is satisfied that they shall not be relieved completely from these obligations and only $5,000 from the total combined obligation composed of the $4,500 loan and the $10,000 shall be excepted from the general bankruptcy discharge.

Considering the present financial conditions of these Debtors, however, their obligation to repay their non-discharged portion of the loan, the sum of $4,500, on the loan obtained from the Secondary Market and one half, that is $5,000, from the Bank shall be repaid, but the Debtors shall not be required to commence making payments earlier than five years from the date of this opinion.

A separate final judgment will be entered in accordance with the foregoing.